IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. THATCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-04-E |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 29th day of March, 2017, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

1

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") failed to evaluate properly the evidence of record regarding Plaintiff's migraine headaches, resulting in a residual functional capacity assessment ("RFC") that is not based on substantial evidence. More specifically, Plaintiff alleges that the ALJ improperly rejected Plaintiff's allegations by relying on the lack of objective findings and Plaintiff's lack of treatment. (Doc. No. 13, at 2). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination of Plaintiff's non-disability.

The parties in this case clearly disagree as to how to frame Plaintiff's argument, and the Court agrees that Plaintiff's contentions are somewhat vague and lacking in support. Nevertheless, Plaintiff alleges generally that the ALJ failed to account properly for his migraine symptoms throughout his decision, "beginning at Step Two through Step Five." (Doc. No. 13, at 3). He commences his argument by stating that the ALJ first failed to discuss or consider Plaintiff's migraines at Step Two or Step Three of the evaluative process. (Doc. No. 10, at 14). However, Plaintiff also asserts that, in attempting to respond to Plaintiff's brief, the government misstates his argument "as he never argued the ALJ should have found his migraines to be 'severe' at Step Two." (Doc. No. 13, at 3). Regardless, Plaintiff concedes—and the Court agrees—that "[w]hen a Plaintiff's claim is not denied at Step Two, it typically does not matter whether the ALJ correctly or incorrectly found Plaintiff's other alleged impairments to be non-severe, so long as the ALJ properly accounted for all impairments at Steps Four and Five" since "an ALJ must still consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence." (Doc. No. 10, at 14). See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007).

As for the ALJ's analysis at Step Three, the Court notes that, although Plaintiff appears to allege that the ALJ erred generally in not considering his migraines at that point in the evaluative process, Plaintiff does not indicate that he ever contended that his migraines cause him to meet the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, (the "Listings"). Plaintiff also does not now actually allege that his migraines meet the severity of a specific Listing, nor has he met the burden of presenting medical evidence to support such a finding. In fact, Plaintiff simply states that the ALJ failed to consider his migraines at Step Three, without elaborating as to exactly how he erred at that stage of the evaluative process. Plaintiff then continues with his argument, however, and contends in somewhat greater detail that the ALJ failed to account for limitations caused by Plaintiff's migraines when determining his RFC. (Doc. Nos. 10, at 15-17; 13, at 3). Thus, the Court finds no merit in Plaintiff's argument that the ALJ failed to consider whether the impairments from his migraines cause him to meet the severity of a Listing, and proceeds to address whether the ALJ properly considered the evidence of Plaintiff's migraines in formulating his RFC.

Plaintiff ultimately concludes—and seems to rely mainly on the argument—that the ALJ only "cursorily mentioned" Plaintiff's migraines in formulating his RFC, and that he improperly rejected Plaintiff's allegations as to the symptoms of his migraines based on a lack of objective evidence and inaccurate assertions that Plaintiff did not complain of or receive treatment for migraines. (Doc. No. 10, at 15, 17). After careful consideration of the evidence of record and the reasoning provided by the ALJ in his decision, the Court disagrees.

The Social Security regulations provide that, in determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). The ALJ must then evaluate the intensity and persistence of the claimant's alleged symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). The ALJ is given great discretion in making credibility findings, and his credibility finding is entitled to great deference. See Zirnsak v. Colvin, 777 F.3d 607, 612 (3d Cir. 2014); McGill v. Comm'r of Soc. Sec., No. 13-1309, 2014 WL 3339641, at *5 (W.D. Pa. July 8, 2014). In the ALJ's decision here, after examining the record as a whole, the ALJ ultimately found that the evidence simply did not fully support the limitations that Plaintiff alleges.

When considering migraines in particular, as Plaintiff points out, it is not appropriate to reject a claimant's allegations based solely on the absence of objective evidence, and courts may look at a number of factors when evaluating the credibility of a claimant's migraine complaints, including "whether the claimant has been diagnosed with migraines; whether the claimant has received treatment and medication; the length of the history of complaints and treatment relating to migraines; the alleged severity and frequency; the symptoms the claimant alleges the migraines cause; and whether the record contains any statements from doctors questioning the alleged frequency or severity." Kulbacki v. Colvin, No. 15-297, 2016 WL 2609984, at *6 (W.D. Pa. May 6, 2016). Upon careful review of the record and the ALJ's decision, the Court finds that the ALJ's consideration of the evidence concerning Plaintiff's migraines is more than adequate in this case.

First, the ALJ stated that when Plaintiff was admitted to the hospital on June 16, 2011, after "syncope problems that morning caused by the abdominal cramping and followed by nausea and vomiting," he complained of a headache "rated as eight out of ten on the pain scale." (R. 22, 278). The ALJ further explained that Plaintiff refused any medications or treatment for his problems until he was discharged from the hospital, at which time he agreed to accept a

prescription. (R. 22, 275, 278). The ALJ also noted that, when Plaintiff began outpatient counseling in February 2014, complaining that he was easily overwhelmed, irritable, angry, and lost his temper, he also explained "that he was unable to work because he passed out, gets migraines very easily, had limited use of his right arm and may drop a chain saw due to injury from a dog bite." (R. 24, 334).

Moreover, the ALJ chronicled each additional instance in which migraines are mentioned in the medical evidence. (R. 32). First, the ALJ explained that Plaintiff's treatment notes do in fact mention chronic migraines prior to the alleged onset date and that a CT scan of Plaintiff's brain at that time was unremarkable. (R. 32, 291). The ALJ also noted that a CT scan performed during the emergency room stay for Plaintiff's 2011 syncopal episode was similarly normal. (R. 32, 284). The ALJ further explained that, since the alleged onset date, migraines are included only briefly in Plaintiff's primary care physician's records, and he cited each individual record in which migraines were mentioned. (R. 32). The ALJ also noted that, at one point, Plaintiff had apparently been sent to a neurologist for a work-up, but there is no indication in the record that Plaintiff followed up and had any such tests performed. (R. 32, 289). Finally, the ALJ stated that Plaintiff told his new therapist in 2013 about his migraines in conjunction with relating his medical history. (R. 32, 334). Thus, upon consideration of such limited evidence, the ALJ reasonably stated that there were no other complaints of migraines in the medical records, no evidence of any cause, and no evidence of any particular treatment for such migraines. (R. 32). The ALJ further noted that there were no third party statements in the record, and no state agency medical opinions. (R. 32).

Plaintiff concedes that "there was not a vast amount of overall medical treatment in the record," but he argues somewhat vaguely that "there was sufficient evidence that documented Plaintiff's complaints of and treatment for migraines." (Doc. No. 10, at 15). The Court emphasizes that the ALJ included in his decision every time Plaintiff's migraines were mentioned in his medical records, but there were remarkably few records to discuss. While records from a few appointments list migraines as a symptom or complaint—all of which were clearly considered by the ALJ in his decision—there is no indication in those records what, if any, treatment Plaintiff obtained specifically for migraines at those visits. There is little detail provided, and the records do not indicate that medications or any other treatment was prescribed specifically for migraines. (Doc. No. 10, at 15-16). Moreover, the record contains no discussion or comments by Plaintiff's medical care providers about the severity or frequency of Plaintiff's migraines, nor are there any medical opinions from third parties or from state agency consultants included. Thus, there are no statements from doctors discussing Plaintiff's migraines at all—either questioning them or affirming their severity—other than minor notations in the records, discussed above. Finally, the ALJ noted that Plaintiff's RFC is also supported by Plaintiff's activities. (R. 32).

The Court finds, therefore, that the ALJ reasonably concluded, based on the record as a whole, that although Plaintiff's "medically determinable impairments could reasonably be

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch  
United States District Judge

ecf: Counsel of record

---

expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 27). As discussed, supra, the ALJ did not inaccurately describe the evidence concerning Plaintiff's migraines, and he clearly did not reject Plaintiff's allegations solely based on the absence of objective evidence; rather, he considered the record overall. The ALJ thoroughly discussed the little evidence that exists in the record regarding Plaintiff's migraine headaches, he reasonably evaluated the credibility of Plaintiff's statements regarding his migraines, and he made an appropriate RFC determination. Furthermore, since the ALJ's hypothetical question to the vocational expert accurately reflected the credibly established limitations that the ALJ properly included in the Plaintiff's RFC, the Court also finds that the ALJ did not err at Step Five of the evaluative process.

Accordingly, the Court finds that the ALJ did not err in his consideration of the evidence of Plaintiff's migraines during the various steps of the evaluative process, and that substantial evidence supports the ALJ's ultimate determination that Plaintiff retains the ability to perform work consistent with his RFC finding. Therefore, the Court affirms.